Robb, Judge,
dissenting.
I respectfully dissent. Assuming the facts are as Milana has averred, during the course of the marriage Leon may have placed marital assets in an irrevocable trust that does not benefit Milana. In a dissolution action, it is a basic tenet that all assets of either party, whether owned before marriage, acquired by joint efforts, or acquired by either spouse in his or her own right prior to the parties’ final separation are to be included in the marital pot and are subject to division. Ind. Code § 31-15-7-4(a); Quinn v. Quinn, 62 N.E.3d 1212, 1223 (Ind. Ct. App. 2016). Through the vagaries of time and nature, however, Leon died before the marital estate could be determined and divided by the dissolution court here. When the dissolution court *800 dismissed Milana’s action due to Leon’s death, her only recourse became the probate court—but because Leon placed all his assets in trust, his probate estate ha's zero assets. In* affirming the trial court’s dismissal of her dissolution action, the majority has left Milana in a “legal black hole”: the dissolution court has no jurisdiction due to Leon’s death, and the probate court has no assets to distribute so her claim to entitlement to a portion of those assets will go unheard. Brief of Appellant at 10. This, despite even Leon’s counsel acknowledging at the hearing on the motion to dismiss that “due process tell[s] us ... [y]ou have the right to have the forum within which your argument can be heard.” Transcript at 67. Rather than.allowing a forum for consideration of the merits in the dissolution court, the majority has effectively determined for itself that on the facts and equities of this ease, the ultimate result that Milana take nothing additional from the marital estate is appropriate. See slip op. at ¶20 (the majority noting it is “not convinced that public policy dictates the survival of the dissolution action under the facts of this case”). I do not believe we can consider the facts and equities of this case without allowing a trial court to hear evidence and consider them first. We are not yet reviewing the result of the process; we are reviewing the process ’ itself. However valid the result might be (that is, that Milana take nothing from Leon’s portion of the marital estate), I cannot' concur in the majority decision because it short circuits the legal process of arriving at that result.
As the majority notes, Johnson states the general rule that divorce proceedings terminate upon the death of one of the parties, and further-acknowledges three specific exceptions to that general rule. See slip op. at ¶ 19 (citing Johnson, 653 N.E.2d at 514-15). In Beard, we added a fourth exception, having “learn[ed] from Johnson that all three previous exceptions to the common law rule were made when the equities weighed in favor of allowing a party to recover who would otherwise be injured because the court lost jurisdiction over the dissolution action.” 758 N.E.2d at 1022. I am less concerned here with the specific facts leading to each exception than I am with the notion that the exceptions acknowledge termination of a dissolution action on the death of one of the parties is not a hard and fast rule.' Should we accept the proposition that in all but these four specific instances death brings an immediate end to a dissolution action, we would be creating an inequity for Mila-na and those similarly situated.[9] The inequity is not necessarily with respect to the result—as I have noted, we are not yet reviewing the result and I acknowledge what we know of the equities from the limited record before us would seem to be against her. Rather, there would be an inequity in not allowing her case to be considered at all by any trial court.
Based on the record at this stage of the proceedings, we do not know when Leon established the trust and what effect that has on the marital estate. The trust could have been established sometime in the forty-plus years the parties were physically separated but not yet legally separated, or it could have been after Milana filed her petition for dissolution. Based on the fact that Leon was diagnosed- with dementia :in 2010,’ we may assume he established the'trust sometime before Milana filed for divorce, but we cannot make a legal -determination based on an assump *801 tion. As Milana seeks a share of the assets Leon placed in trust, the dissolution court is in the best position to decide what is and is not a marital asset and what would be a just and reasonable division of the marital estate. Ind. Code § 31-15-7-4(b); see Wireman v. Wireman, 168 Ind. App. 295, 308-09, 343 N.E.2d 292, 300 (1976) (holding trial court must decide in a dissolution action whether the transfer of property by one spouse was for the purpose of defeating the other spouse’s claim to that property because an equitable property settlement can not be made unless all of the property held by the spouses is considered and may set aside the transfer if fraudulent). In short, this case is not yet at a stage where any court can decide the equities, but the dissolution court should have the first opportunity to do so. Accordingly, I would reverse the dissolution court’s dismissal of Milana’s action.
Order
Appellant, Milana Staletovich Riggs, by counsel, filed a Motion to Publish Memorandum Decision.
Having reviewed the matter, the Court finds and orders as follows:
1. The Appellant’s Motion to Publish •Memorandum Decision is granted.
2. This Court’s opinion heretofore handed down in this cause on May 22, 20Í7, marked Memorandum Decision, is now ordered published.
3. The Clerk of this Court is directed to send copies of said opinion together with copies of this order to the West Publishing Company and to all other services to which published opinions are normally sent.
Ordered 6/12/2017.
Kirsch, Robb, Barnes, JJ., concur.

, The facts of this case admittedly do not fit within any of the four currently acknowledged exceptions to the Termination Rule, However, the very nature of an exception is that it is crafted to address never-before-seen facts that warrant deviation from the application of a general -rule. In other words, that there are only four exceptions to the Termination Rule to date does not mean there can never be more.